IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE KUMMERLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-2839-D |
| VS. | § | |
| | § | |
| EMJ CORP., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This lawsuit arises from a female plaintiff's observation of, and complaints about, consensual sexual conduct between a male supervisor and a female coworker at plaintiff's former place of employment, and her termination after complaining about the conduct. Plaintiff seeks to recover on claims for hostile work environment sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§ 21.001– 21.556 (West 2006). Concluding that plaintiff's amended complaint fails adequately to plead that the harassment complained of was based on her female sex, and to plead that plaintiff had a reasonable belief that her employer was engaged in an unlawful employment practice, the court grants defendant's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings and dismisses this case with prejudice.

I

This is a suit by plaintiff Julie Kummerle ("Kummerle") against defendant EMJ Corp. ("EMJ") alleging claims for sexual harassment and retaliation under Title VII and the TCHRA.  *See Kummerle v. EMJ Corp.*, 2012 WL 487045, at *1 (N.D. Tex. Feb. 15, 2012) (Fitzwater, C.J.) ("*Kummerle I*").[1]  In *Kummerle I* the court granted a similar Rule 12(c) motion, but it also permitted Kummerle to replead.  *Id.* at *1.  In her amended complaint, Kummerle reasserts her claims of a sexually hostile work environment and retaliation under Title VII and the TCHRA.

Kummerle alleges that her supervisor, Ray Catlin ("Catlin"), and another employee, Daisy Owens ("Owens"), created a "sexually charged atmosphere" by frequently engaging in intimate contact in front of her and other employees.  In her amended complaint, Kummerle sets forth additional allegations and describes in more detail certain of the allegations of her state-court petition.  She alleges that one employee estimates that she entered Catlin's office four or five times a day when Catlin and Owens were in close physical contact (such as Catlin's rubbing Owens' back), and, over a five month period, she observed this behavior at least several hundred times.  Kummerle also alleges that Catlin sat at Owens' work space almost every day, stroking her back or neck and having intimate conversations with her in full view of other employees; and these employees estimate that they witnessed

---

[1]Although the Commission on Human Rights has been abolished and its powers and duties have been transferred to the Texas Workforce Commission Civil Rights Division, the court for clarity will refer to this claim as brought under the TCHRA.  *See Kummerle I*, 2012 WL 487045, at *1 n.1.

this behavior ten to fifteen times per day and found the behavior offensive.  There is no allegation that the conduct between Catlin and Owens was non-consensual or unwelcomed by either participant.  Kummerle also asserts that, before she and Carolun Paulus ("Paulus") complained to EMJ's Chief Operating Officer about the sexually charged atmosphere that Catlin and Owens had created, *see Kummerle I*, at *1, Paulus individually complained to the Chief Operating Officer about the sexually charged atmosphere, and Catlin began calling for Paulus' termination shortly thereafter.  Finally, Kummerle alleges that a reasonable female would have been offended by the conduct she observed "based on the long history of subjugation of women in the workplace and the implication that a female has to subject herself to such behaviors to succeed in the workplace, even if such subjection . . . is consensual."  Am. Compl. ¶ 5.1.4.  EMJ moves anew for judgment on the pleadings under Rule 12(c).

## II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "'A motion brought pursuant to [Rule]12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'"  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See*

*Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.)

(citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)).

In deciding EMJ's motion, the court evaluates the pleadings by "accept[ing] 'all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  To survive EMJ's motion,

Kummerle must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that the defendant has acted unlawfully." *Id.*; *see also*

*Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief

above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule

8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

Under Title VII, it is "an unlawful employment practice for an employer . . . to

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's . . . sex[.]"   42 U.S.C.

§ 2000e-2(a)(1).  Under the TCHRA, "[a]n employer commits an unlawful employment practice if because of . . . sex . . . the employer . . . discharges an individual or discriminates in any other manner against an individual[.]"  Tex. Labor Code Ann. § 21.051 (West 2006). Title VII also makes it unlawful "for an employer . . . to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a). The court will address Kummerle's TCHRA and Title VII claims together because "the law governing claims under the TCHRA and Title VII is identical."  *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999) (addressing Title VII and the TCHRA).

IV

The court turns first to Kummerle's hostile work environment sexual harassment claim.

A

To prove a hostile work environment sexual harassment claim, Kummerle must establish the following:

> (1) The employee belongs to a protected group; (2) The employee was subject to unwelcome sexual harassment; (3) The harassment complained of was based upon sex; (4) The harassment complained of affected a "term, condition or privilege of employment," *i.e.*, the sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.

*Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999) (on rehearing) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 719-720 (5th Cir. 1986)).[2]  EMJ contends that the conduct on which Kummerle relies was not based on sex, and, even if based on sex, was not severe or pervasive enough to create a hostile work environment.[3]

        "The 'critical issue' in determining whether workplace activities constitute harassment based on sex is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment *to which members of the other sex are not exposed*.'"  *Reine v. Honeywell Int'l, Inc.*, 362 Fed. Appx. 395, 397 (5th Cir. 2010) (per curiam) (emphasis added) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).  "Title VII is not a shield against harsh treatment at the workplace; it protects only in instances of harshness disparately distributed."  *Id.* (quoting *Jackson v. City of Killeen*, 654 F.2d 1181, 1186 (5th Cir. 1981)).

---

        [2]"In some circumstances, a plaintiff asserting a claim of hostile work environment must also prove a fifth element: that 'the employer knew or should have known of the harassment in question and failed to take prompt remedial action.'"  *Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *8 n.8 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (quoting *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001).  "But where, as here, the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements listed above."  *Id.* (citations and internal quotation marks omitted); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

        [3]Because the court is dismissing Kummerle's hostile work environment claim based on EMJ's first argument, it need not address EMJ's contention that the alleged harassment was not severe or pervasive.

B

EMJ maintains that the conduct on which Kummerle relies to establish her hostile work environment sexual harassment claim was not based on sex because observing the intimate conduct between Catlin and Owens would have been equally offensive to men and women, and that Kummerle's new allegations do not describe any conduct that was more derogatory or offensive to females than to males.  Kummerle responds that a reasonable woman who views her male boss and his female subordinate engaging in intimate personal contact, when considered against the historical background of women's treatment in the workplace, would be more offended than would a male viewing such conduct.

The court concludes that Kummerle has failed to plead facts that allow the court to draw the reasonable inference that the unwelcome sexual harassment of which she complains—the consensual conduct involving Catlin and Owens—was based on Kummerle's sex.  Stated another way, she has not pleaded sufficient facts to allow the court to draw the reasonable inference that the conduct involving Catlin and Owens exposed females to disadvantageous terms or conditions of employment to which males were not exposed. Kummerle relies on a nuanced understanding of what a reasonable woman perceives in the workplace when she observes a male supervisor and his female subordinate engage in repeated, consensual intimate contact.  According to Kummerle, the reasonable female views this behavior through the lens of a long history of female subjugation in the workplace, which assumes that a female must subjugate herself (even if consensually) to her male supervisor to succeed in the workplace, and she is offended as a result.  But a sexually hostile

- 7 -

work environment requires more.  "A hostile environment claim embodies a series of criteria that express extremely insensitive conduct against women, conduct so egregious as to alter the conditions of employment and destroy their equal opportunity in the workplace." *DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593 (5th Cir.1995).   It involves conduct that any reasonable person[4] would know is highly offensive to a female. *See, e.g., Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 106 (5th Cir. 1989) (holding that district court had clearly erred in concluding that alleged harassment was not based upon the sex of the plaintiff because "[a]ny reasonable person would have to regard these [sexually graphic] cartoons [labeled with the plaintiff's name] as highly offensive to a woman who seeks to deal with her fellow employees and clients with professional dignity and without the barrier of sexual differentiation and abuse."); *Petrosino v. Bell Atl.*, 385 F.3d 210, 222 (2d Cir. 2004) ("[T]he insults were directed at certain men, not men as a group.  By contrast, the depiction of women in the offensive jokes and graphics was uniformly sexually demeaning and communicated the message that women as a group were available for sexual exploitation by men.").  And it is not enough that the conduct of which Kummerle complains was sexual in nature, was offensive to both women and men, or was engaged in regardless of the sex of

---

[4]The Fifth Circuit applies a "reasonable person" standard when addressing the fourth element of a hostile work environment claim.  *See, e.g., Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) ("To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."); *Donaldson v. CDB, Inc.*, 335 Fed. Appx. 494, 501 (5th Cir. 2009) (per curiam) (same).  The court sees no reason why the third element—"based upon sex"—should be evaluated under a "reasonable woman" standard.

those who might observe it.  *See Oncale*, 523 U.S. at 80 ("We have never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations."); *Reine*, 362 Fed. Appx. at 397 ("When the conduct is equally harsh towards men and women, there is no hostile work environment based on sex."); *Holman v. State of Ind.*, 211 F.3d 399, 403 (7th Cir. 2000) ("[B]ecause Title VII is premised on eliminating *discrimination*, inappropriate conduct that is inflicted on both sexes, or that is inflicted regardless of sex, is outside the statute's ambit."); *Moore v. Metro. Water Reclamation Dist. of Greater Chi.*, 2004 WL 2898042, at *1 (N.D. Ill. Dec. 13, 2004) (holding that walking in on two employees engaged in sexual intercourse "does not constitute harassment based on sex" because it "is the type of conduct that reasonable men and women would find offensive").

In cases involving workplace conduct that could equally offend women and men, the harassing behavior must "evidence a specific discriminatory animus against [the plaintiff] because of her sex[.]"  *Reine*, 362 Fed. Appx. at 397.  Kummerle does not cite a single case where a court has held that viewing consensual intimate conduct in the workplace is alone sufficient to meet the "based on sex" element of a sexually hostile work environment claim. Although she cites decisions in which courts have considered public displays of affection between supervisors and employees when assessing whether there was a sexually hostile work environment, as Kummerle recognizes, these cases all had additional facts that adequately pleaded (or permitted a reasonable jury to find) a hostile work environment.  *See, e.g., Splunge v. Shoney's, Inc.*, 874 F. Supp. 1258, 1273 (M.D. Ala. 1994) (employee's

- 9 -

complaints included not only public displays of affection between assistant manager and employee but also included inappropriate comments by her supervisors about employee's buttocks, sexual insinuations that African-American females were better lovers than Caucasian females, and a photograph of a naked woman tied to a bed).

If the court were to uphold Kummerle's theory in this case, it would of necessity impose on employers (at least for some period of time) an obligation to enforce a general civility code for the workplace, which Title VII does not require.  *See Reine*, 362 Fed. Appx. at 397-98 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  This is because, at least until female subjugation in the workplace was thought of as something of the distant past, employers would have to be concerned that failing to police sexually intimate, consensual workplace conduct would subject them to Title VII liability to female employees who merely observed such conduct by others.

Because Kummerle has failed to plead facts that allow the court to draw the reasonable inference that the unwelcome sexual harassment of which she complains was based on her female sex,[5] she cannot maintain a sexually hostile work environment claim. Accordingly, the court grants EMJ's motion for judgment on the pleadings dismissing her sexually hostile work environment claim.

---

[5]In her amended complaint, Kummerle alleges that "[t]he harassment to which Plaintiff was subjected was based on sex."  Am. Compl. ¶ 5.1.4.  Such an allegation is conclusory and will not be considered by the court in assessing defendant's motion.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

V

The court turns next to Kummerle's retaliation claim.

A

Kummerle's retaliation claim is based on the "opposition clause" of Title VII; Kummerle must therefore allege that she was retaliated against because she "opposed [a] practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).  To establish this claim, however, Kummerle must have had a "reasonable belief that the employer was engaged in [an] unlawful employment practice[]." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (citing *Byers v. Dall. Morning News*, 209 F.3d 419, 428 (5th Cir. 2000)).  A plaintiff's belief is not objectively reasonable if the law is settled that the employment practice complained of is not unlawful under Title VII.  *See Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *10 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citing *Wilson v. Delta State Univ.*, 143 Fed. Appx. 611, 613-14 (5th Cir. 2005) (per curiam) (unpublished opinion)).

B

The new allegations of Kummerle's amended complaint do not enable the court to draw the reasonable inference that, when she complained to EMJ's Chief Operating Officer, her belief was objectively reasonable that she was being subjected to a sexually hostile work environment.  As the court has explained, Kummerle could not have held the objectively reasonable belief that the consensual conduct between Catlin and Owens created a sexually hostile work environment based on Kummerle's female sex.

- 11 -

Kummerle maintains that *Wilson* does not apply because the law is unsettled regarding whether viewing a supervisor and employee engaged in public displays of affection can constitute a sexually hostile work environment.   The law is not unsettled, however, concerning whether the alleged harassing behavior must "evidence a specific discriminatory animus against [the plaintiff] because of her sex[.]"  *Reine*, 362 Fed. Appx. at 397.  And as discussed above, Kummerle does not cite a single case in which analogous allegations were deemed sufficient to meet the "based upon sex" element of a sexually hostile work environment claim.

The court therefore grants EMJ's motion for judgment on the pleadings and dismisses Kummerle's retaliation claim.

\*   \*   \*

For the reasons explained, EMJ's March 30, 2012 motion for judgment on the pleadings is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

July 23, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 12 -